UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GREGORIO SILVA-GARCIA | § | |
| | § | |
| Petitioner | § | |
| v. | § | CIVIL ACTION NO. 5:11-cv-119 |
| | § | CRIMINAL ACTION NO. 5:10-cr-2224-1 |
| UNITED STATES OF AMERICA | § | |

**OPINION AND ORDER**

Pending before the Court is Gregorio Silva-Garcia's ("Silva") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1] After careful consideration of Silva's motion, supporting memorandum,[2] the facts of this case, and the relevant law, the Court **DISMISSES** Silva's motion for the reasons stated below.

**I.  BACKGROUND**

On or about September 21, 2010, Silva was apprehended by United States Border Patrol agents after he, along with seven others, was observed on the bank of the Rio Grande River. Six of the eight were observed carrying large packages. The other seven absconded.[3] Silva was subsequently charged in a two-count indictment with possessing with the intent to distribute marijuana and conspiring to do the same.[4] On November 29, 2010, a jury returned a guilty verdict on both counts.[5] On March 2, 2011, the Court sentenced Silva to sixty-three months

---

[1] Dkt. No. 1. ("Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless stated otherwise, "Dkt. No." will be used to refer to filings in the civil case number 5:11-cv-119. "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:10-cr-2224-1).
[2] Dkt. No. 2.
[3] Cr. Dkt. No. 35 at ¶ 5.
[4] Cr. Dkt. No. 9.
[5] Cr. Dkt. No. 29.

imprisonment on each count (to run concurrently) and four years of supervised release.[6] Judgment was entered on March 9, 2011.[7] Silva filed the current motion and supporting memorandum on September 21, 2011, alleging that he received ineffective assistance of counsel.[8]

Previously, the Court found that Silva was entitled to an evidentiary hearing on the narrow issue of whether Silva was entitled to an out-of-time appeal.[9] The Court referred the out-of-time appeal issue to Magistrate Judge J. Scott Hacker so that Judge Hacker could conduct a hearing and file a report and recommendation.[10] After conducting two hearings,[11] Judge Hacker filed a report and recommendation which recommended that this Court find that Silva was not entitled to an out-of-time appeal.[12] Silva timely objected to the report and recommendation.[13]

Here, the Court must first address the report and recommendation. The Court need only address Silva's remaining claims if it finds that Silva is not entitled to an out-of-time appeal.

## II. DISCUSSION

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[14] Generally, § 2255 claims fall under four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to

---

[6] Cr. Dkt. No. 38; and Minute Entry of March 2, 2011 sentencing.
[7] Cr. Dkt. No. 38.
[8] Dkt. Nos. 1 & 2.
[9] Dkt. No. 12.
[10] Dkt. No. 15.
[11] *See* Minute entries of June 28, 2012 and July 9, 2012 hearings.
[12] Dkt. No. 26.
[13] Dkt. No 27.
[14] United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citation omitted).

collateral attack.[15] After conducting an initial examination of the motion, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[16]

Silva bases his entire § 2255 petition on ineffective assistance of counsel claims. Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a claim of constitutional proportion permitted under 28 U.S.C. § 2255. Under the pertinent two-prong test, Silva must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that Silva suffered prejudice as a result.[17] In assessing whether counsel was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[18]

**A.  Out-of-Time Appeal**

Pursuant to 28 U.S.C. § 636(b)(1)(c), the Court has made a de novo determination of those portions of the report to which objections have been made. As to those portions to which no objections have been made, in accordance with Federal Rule of Civil Procedure 72(b), the Court has reviewed the report for clear error. Having reviewed the record in this case, the Report and Recommendation, the Objection, and the applicable law, the Court **ADOPTS** the Report and Recommendation in its entirety. Silva is not entitled to an out-of-time appeal.

**B.  Remaining Issues**

Because the Court has determined that Silva is not entitled to an out-of-time appeal, it is now necessary to address the remaining issues raised by Silva in his § 2255 motion and supporting memorandum.

---

[15] 28 U.S.C. § 2255(a); *see* United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995).
[16] 28 U.S.C. § 2255, PROC. R. 4(b).
[17] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
[18] *Id.* at 689.

Before turning to the specific issues raised by Silva, the Court notes that Silva dedicated a significant amount of briefing to his allegation that his attorney failed to file a direct appeal. In contrast to that claim, the following claims are presented in a "laundry-list" format and are extremely conclusory.

Additionally, most of Silva's remaining claims attack various strategic decisions of his trial counsel. The Court is cognizant of the following direction from the Fifth Circuit:

> 'Judicial scrutiny of counsel's performance must be highly deferential.' Every effort must be made to eliminate 'the distorting effect of hindsight.' Courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and a defendant must overcome the presumption that the 'challenged action might be considered sound strategy.'[19]

The Court takes seriously its obligation to be highly deferential in its review of trial counsel's actions.

In considering Silva's various attacks on his trial counsel's actions, the Court notes that the government's evidence in this case was particularly damning. To be clear, Silva was apprehended while trying to remove a bundle of marijuana from his back.[20] Silva's criticisms of his counsel's actions must be evaluated in the context of this specific case.

**1.    Pretrial Motions and Discovery**

In laundry-list format, Silva asserts that his attorney was ineffective because he failed to file pre-trial motions and discovery motions, failed to request fingerprint analysis, failed to request a lie detector test, and failed to request a video allegedly held by the Border Patrol.[21]

As to the fingerprints, the Court finds that in this case it was reasonable for Silva's counsel to not request a fingerprint analysis. In Laredo, drug smuggling is typically connected

---

[19] Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)).
[20] Cr. Dkt. No. 35 at ¶ 5.
[21] Dkt. No. 1 at p. 4; Dkt. No. 2 at p. 3

with drug cartels. These organizations employ thousands of people who are involved at various stages in the growing, packaging, and smuggling process. Often the smugglers have no involvement in the drug packaging process. Even when a smuggler is carrying a bundle of drugs on his back (as Silva was in this case) there is little reason to expect that his fingerprints would be on the drug packaging. Thus, even if Silva had proven that his fingerprints were not on the drug packaging, such evidence would have done little to support Silva's defense. On the other hand, Silva's attorney would have been running a tremendous risk in requesting that information because a discovery of Silva's prints on the packaging would have been harmful to his defense. Therefore, considering the fact that the potential benefit to Silva was slight and the corresponding risk was great, the Court finds that Silva's counsel acted reasonably when he did not pursue a fingerprint analysis. This claim is without merit.

Turning to the alleged failure to obtain a lie-detector test, Silva asserts that test would have supported his actual innocence. Because Silva never testified in this case, any of Silva's statements that the polygraph might have supported would have been inadmissible hearsay. Therefore, the Court need not reach the reasonableness of the decision to not obtain a lie detector test because Silva was not prejudiced by that decision. This claim is without merit.

As to the claim that Silva's attorney should have requested a video that was allegedly possessed by the Border Patrol, Silva fails to articulate a single way in which the video might have benefited him. Therefore, the Court cannot find that the failure to obtain the alleged video prejudiced Silva's defense. This claim is without merit.

As to the blanket allegations that Silva's attorney failed to file pretrial motions or discovery, the Fifth Circuit "has made clear that conclusory allegations of ineffective assistance

of counsel do not raise a constitutional issue in a federal habeas proceeding."[22] Therefore, Silva's remaining claims related to pretrial motions and discovery are without merit.

2.  **Criminal Record from Mexico**

Silva next complains that his attorney did not request his criminal record from Mexico to demonstrate that Silva had no criminal record. Even assuming that Silva had no criminal record in Mexico, it would not have been probative on the issue of whether Silva committed the charged crime and it is unlikely that it would have been admissible. The decision to not obtain Silva's record from Mexico falls squarely within the scope of trial strategy to which the Court is highly deferential.[23] After considering the decision, the Court finds that it was not unreasonable for Silva's attorney to not request his criminal record from Mexico. Silva was not prejudiced by the absence of his allegedly clean Mexican criminal record. This claim is without merit.

3.  **Defense Witnesses**

Silva claims that his attorney "failed to call defense witnessess (sic)."[24] In handling a similar claim, the Fifth Circuit stated: "A prisoner's bald conclusory assertion that supposed "alibi" witnesses were not called does not serve to overcome the strong presumption that his counsel's actions were reasonable."[25] In the same case, the Fifth Circuit also found that the petitioner was not prejudiced:

> [Petitioner] has never provided any court with affidavits (or similar matter) from any of the unidentified favorable witnesses suggesting what they would have testified to. It is clear that [Petitioner]'s conclusory speculation about the effect of the unidentified favorable witness' testimony falls far short of the prima facie showing of prejudice necessary for the evidentiary hearing [Petitioner] requests.[26]

---

[22] Collier v. Cockrell, 300 F.3d 577, 587 (5th Cir. 2002) (internal quotation marks and citations omitted).
[23] Strickland v. Washington, 466 U.S. 668, 689 (1984).
[24] Dkt. No. 2 at p. 3.
[25] Sayre v. Anderson, 238 F.3d 631, 636 (5th Cir. 2001) (internal quotation marks and citation omitted).
[26] *Id.* (citing United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983).

Here, Silva offers even less than the petitioner in the above case. Silva fails to even speculate as to what his unidentified witnesses might have said. Additionally, the nature of the offense is such that only Silva would know of the unnamed witnesses. Silva has not made a prima facie showing of prejudice. This claim is without merit.

**4.     Right to Testify**

Silva makes two accusations regarding his right to testify. Specifically, Silva states: "[Counsel] prohibited defendant to testify on his own behalf"[27] and "[Counsel] failed to allow defendant to exercise his constitutional right to testify on his own behalf."[28]

A criminal defendant has a constitutional right to testify on his own behalf.[29] The Fifth Circuit has not determined "what degree of substantiation is required in a § 2255 right-to-testify claim to trigger a hearing[,]"[30] but it is clear that Silva's conclusory allegations are insufficient to trigger an evidentiary hearing in this case. Critically, Silva does not even allege that he wanted to testify or that he would have testified. To be clear, you can prohibit someone from doing something that they would not have done even absent the prohibition. Furthermore, Silva failed to articulate a single topic about which he would have testified. Because Silva fails to allege any facts that would support a finding of prejudice, the Court will not hold an evidentiary hearing.

A more difficult question is whether Silva should be allowed to supplement his right-to-testify claim. For example, in *Martinez*, the petitioner alleged that he told his attorney that he wanted to testify and that his attorney did not call him to the stand.[31] In *Martinez* the Fifth Circuit permitted the petitioner to supplement his right-to-testify allegations.[32] But the

---

[27] Dkt. No. 1 at p. 4.
[28] Dkt. No. 2 at p. 3.
[29] Rock v. Arkansas, 483 U.S. 44, 50-53 (1987).
[30] United States v. Martinez, 181 F.3d 627, 628 (5th Cir. 1999).
[31] *Id*.
[32] *Id*. at 629.

allegations here are more cursory than the allegations in *Martinez*. Just as the Fifth Circuit has recognized the problems of allowing all right-to-testify allegations to trigger evidentiary hearings,[33] there is a similar problem with automatically allowing petitioners to supplement the barest allegations of right-to-testify violations. Until the Fifth Circuit finds that even the most cursory right-to-testify claims talismanically trigger a right to supplement, the Court will not permit supplementation of such feeble claims. Silva's right-to-testify claim does not merit supplementation and it is without merit.

5. **Jury Argument**

Silva also complains that his attorney did not argue to the jury that Silva had entered the country illegally as the result of paying a smuggler.[34] This claim falls squarely within the scope of trial strategy to which the Court is highly deferential.[35] The Court notes that illegal aliens often smuggle drugs across the border even when they though they have already paid a smuggler. Therefore, it is unlikely the argument that Silva contends his attorney should have made would have been persuasive. On the other hand, it would have been very risky to make such an argument because it required admitting that Silva had engaged in other illegal conduct. The Court finds that it was reasonable for Silva's counsel to not make this argument. Furthermore, the Court finds that Silva has not demonstrated that he was prejudiced by his attorney's decision to refrain from highlighting Silva's other illegal behavior.

6. **Objection to the Pre-Sentence Report**

Silva avers that his counsel was ineffective because he did not object to the pre-sentence report.[36] This conclusory allegation is insufficient to warrant further analysis. Silva has failed to

---

[33] *Id.* at 628.
[34] Dkt. No. 2 at p. 3.
[35] *See* Strickland v. Washington, 466 U.S. 668, 689 (1984).
[36] Dkt. No. 2 at p. 3.

identify a single element of the report to which his attorney should have objected. This claim is without merit.

### 7. Failed to Preserve Issues for Appeal

Silva also claims that his attorney "failed to perfect or preserve the issues for appeal."[37] Silva did not directly appeal his case. The Court already found that Silva's counsel was not ineffective for failing to file a notice of appeal. Therefore, Silva cannot demonstrate that he was prejudiced by any failure to preserve issues for appeal because Silva did not directly appeal his case.

### III. CONCLUSION

After considering Silva's motion, supporting memorandum, the facts of the case, and the relevant law, the Court finds that the claims brought by Silva are without merit. Therefore, the Court **DISMISSES** Silva's § 2255 motion in its entirety. Should Silva seek a certificate of appealability, the same is **DENIED**.

IT IS SO ORDERED.

DONE this 8th day of November, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[37] *Id.*